WRIGHT, J.,
delivered the'«pinion of the Court,
The change of the public road in this case, by the 'defendant, is conclusively shown, by the proof, to have -been for the general good, and that the new road was put upon ground compatible with the interest of the traveling community; and there is proof tending to show that it had been accepted by the overseer and a majority of the hands of the old road, so as to bring the case within section 1288 of the Code. If so, the penalty imposed in the previous section was remitted; not only in the future, but as to the past. If, therefore, the Circuit Judge had confined his instructions to this aspect of the case, we think the acquittal of the defendant would have been proper. But this he did not do, but instructed the jury that if the obstruction was put across the road stopped up by the fence of the defendant, more than twelve months before the bringing of the suit, the action would be barred, and the plaintiff could not recover. This, we think, is erroneous. Section 1237 of the Code provides that no person shall turn, alter, or change a public road, unless by order of the County Court, founded on the report of a jury, appointed and sworn, under the penalty of five dollars for each month such road remains turned out of its ol-d course; to be recovered on summons before any magistrate, at the suit of any person who will sue for the same.
Now, it is obvious, from the language of this section, that there was a fresh cause of action accruing at the end of each month, from the time the road was turned, so long as the obstruction was permitted to remain, unless the new road were accepted by the overseer and a majority of the hands having charge of the old road, as required in the subsequent section. It follows, that for so many of the monthly penalties as had accrued within twelve months before the institution of the suit, the statute had formed no bar; but as to those without, it had.
It is to be remembered that the change of a highway and its acceptance, in the mode required in section 1288 of the *575 Code, does not legalize the obstruction of the old road, but only remits the penalty ; leaving the party liable, as before, for the nuisance — the alteration never having been sanctioned by the County Court. This was held in Blackmore v. Penn, 4 Sneed, 447.
Eor the error aforesaid in the charge, we reverse the judgment of the Circuit Court, and remand the cause for a new trial. .